UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

ALLEN KING AND BRUCE KING )
as Administrators )
of the Estate of Roger King )
 )
       Plaintiff )
 )
vs. )   CIVIL ACTION NO. _____
 )
 )
Eric Taylor, in his individual and official )
capacity as a Kentucky State Trooper )
 )
**SERVE:**   Morgain Sprague )
           Kentucky State Police Legal Counsel )
           919 Versailles Road )
           Frankfort, KY  40601 )
 )
 )
AND )
 )
COMMONWEALTH OF KENTUCKY )
d/b/a Kentucky State Police )
 )
**SERVE:**   Morgain Sprague )
           Kentucky State Police Legal Office )
           919 Versailles Road )
           Frankfort, KY  40601 )
 )
       Defendants )

## **COMPLAINT**

### **I. Preliminary Statement**

      1.    This is a damages action under 42 U.S.C. § 1983 and state law against a police officer and the Commonwealth of Kentucky d/b/a Kentucky State Police, stemming from the officer's fatal shooting of a Danville man in his face as he lay on the couch in his own home. Plaintiff alleges that Trooper Eric Taylor shot and killed Roger King (King) without lawful

cause, thereby violating King's right to be free from unreasonable seizure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff further alleges that Trooper Taylor acted negligently, recklessly or wantonly, and within the course and scope of his employment or, in the alternative, that, he acted intentionally, thereby violating King's rights under Kentucky tort law. Plaintiff further alleges that the of Kentucky State Police was deliberately indifferent to the need to train police officers (Including Taylor) to deal properly with citizens in certain situations and that this failure to train led directly to King's death.

## II. Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

5. The plaintiff, Allen King and Bruce King (Administrators), were duly appointed as Administrators of the estate of their father, Roger King on December 10, 2009, case number 09-P-256, in the Boyle District Court.

6. The defendant, Eric Taylor, in his individual capacity (Taylor) is a law enforcement officer employed by the Kentucky State Police.

7. The defendant Commonwealth of Kentucky d/b/a Kentucky State Police (KSP) is the state government and/or a subdivision of the Commonwealth of Kentucky and employed Taylor during the shooting in question.

## IV. Factual Allegations

8. At all relevant times, the defendants acted under color of state law. In addition, at all relevant times, Taylor acted within the course and scope of his duties as a Trooper for KSP.

9. At the time of his death, King was 61 years old.

10. On or about November 25, 2009, King was on the couch at his home on Catholic Knob at 8115 Forkland Road, Danville, Kentucky, 40422. Taylor and five to six Boyle County Sheriff's deputies were at the King residence to serve him with civil EPO papers. When Mr. King failed to answer the door for service, Taylor took it upon himself to invade the curtilage of Mr. King's home and position himself outside the back door with his AR-16 assault rifle at a distance of less than 10 feet of King. From information and belief, Taylor conducted an "unreasonable search" of Mr. King and his premises by his position and presence outside Mr. King's back door. While there, Taylor was conducting an unreasonable search by peering into his home which harbors Mr. King's intimate activity associated with the sanctity of a man's home and the privacies of life. Taylor invaded the privacy of King, conducted an unlawful search by his presence, and then further violated his fourth amendment rights by shooting through his back door glass, hitting him in the face and killing him.

11. From information and belief, Taylor or someone else from KSP initially reported that King fired a shot first, which was false and a blatant attempt to cover up an unreasonable and unlawful use of force against King in his own home.

12. At the scene were several Sheriff's deputies, some that knew King for several years. None of deputies believed King was a threat as none of the deputies on the scene felt it necessary to fire their own weapons.

13. After King was shot by Taylor he did not receive prompt and adequate medical attention and he died on his couch. Upon information and belief, no one on the scene went inside to render aid for over two hours after the shooting.

14. Trooper Taylor's actions were so willful, wanton, malicious and in utter disregard for King's rights as to warrant the imposition of punitive damages.

15. No reasonable officer could have thought that shooting King in the face while lying on the couch in his own home was lawful.  No reasonable officer would have positioned himself at King's back door to conduct the unreasonable search of peering into his house to see him lying on the couch and then shoot to kill.

16. KSP's failure to provide adequate training to Taylor, especially training about unreasonable searches and seizures and unlawful uses of force.

17. As a direct and proximate result of Taylor's unlawful conduct, and KSP's deliberate indifference to its police officers' training needs, King was deprived of his enjoyment of life, endured physical pain and suffering, and suffered the destruction of his power to labor and earn money.

## V. CAUSES OF ACTION

### Count I:  Search and Seizure

18. Taylor's shooting and killing of King constitutes an unreasonable seizure. Taylor's position at King's back door constitutes an unreasonable search.

19. Taylor thus has deprived King of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### Count II:  Assault and Battery

20. Taylor's shooting and killing of King constitutes assault and battery.

21. Taylor thus has deprived King of rights secured by Kentucky tort law.

### Count III:  Negligence and Vicarious Liability

22. Taylor's acts and omissions were negligent, reckless or wanton, and occurred within the scope and course of his employment as a KSP police officer.

23. The acts and omissions described above were a substantial factor in bringing about King's death.

24. As a result, King has suffered the destruction of his power to labor and earn money, endured pain and suffering, lost his life and incurred funeral expenses.

25. Taylor thus has deprived King of rights secured by Kentucky tort law.

26. KSP is vicariously liable for Taylor's negligent, reckless or wanton conduct.

### Count IV:  Failure to Train

27. KSP was deliberately indifferent to its police officers' need for training about unlawful searches and seizures and the reasonable use of force.

28. KSP therefore is liable for the constitutional deprivations caused by Taylor's shooting and killing of King.

### Count V:  Punitive Damages

29. Taylor's conduct was so willful, wanton, malicious and in utter disregard for King's rights as to warrant the imposition of punitive damages.

### VI.  Request for Relief

**WHEREFORE**, the plaintiff requests:

1. Trial by jury of all issues so triable;

2. An award of compensatory and punitive damages against Taylor, in amounts to be proven at trial;

3. An award of compensatory damages against KSP, in amounts to be proven at trial;

4. Recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988; and

5. All other relief to which he may be entitled.

Respectfully,

/s/ Garry R. Adams
GARRY R. ADAMS
CLAY& ADAMS, PLLC
Meidinger Tower, Suite 1730
462 S. Fourth Avenue
Louisville, KY  40202
(502) 561-2005

HANS POPPE
6004 Brownsboro Park Blvd., Ste. E
Louisville, KY  40207-1297
(502) 895-3400