UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:10-CV-96-KSF

*ELECTRONICALLY FILED*

| | |
|---|---|
| ALLEN KING AND BRUCE KING as Administrators of the Estate of Roger King<br>　　Plaintiff,<br><br>vs.<br><br>ERIC TAYLOR, in his individual And official capacity as a Kentucky State Police Trooper<br><br>AND<br><br>COMMONWEALTH OF KENTUCKY D/B/A Kentucky State Police<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

\*\* \*\* \*\* \*\* \*\*
MOTION TO DISMISS OF DEFENDANT
COMMONWEALTH OF KENTUCKY AND ERIC TAYLOR
IN HIS OFFICIAL CAPACITY
\*\* \*\* \*\* \*\* \*\*

INTRODUCTION

Defendant Commonwealth of Kentucky, Kentucky State Police (KSP), and KSP Trooper Eric Taylor (Trooper Taylor), in his official capacity, respectfully move to dismiss the Complaint. As grounds for this motion, these Defendants state each possesses Eleventh Amendment immunity from Plaintiffs' federal claims, and further possess governmental/official immunity from Plaintiffs' state law claims.

STATEMENT OF FACTS

The Complaint in this action alleges that Plaintiffs' decedent was subjected to improper use of deadly force on or about November 25, 2009 by KSP Trooper Eric Taylor. The Complaint asserts claims against KSP and Trooper Taylor in his official capacity, under both federal and state law.

ARGUMENT

A.   Federal Claims

It is well established that state entities possess Eleventh Amendment immunity in actions asserting violation of federal civil rights, because a sovereign state is not a person against whom a federal civil rights claim for money damages may be asserted. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304,105 L.Ed.2d 45 (1989). *See also Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (§ 1983 claim for money damages against state did not present a viable federal claim in a case where the Court addressed the issue of whether a federal court has jurisdiction in a removal action to hear state law claims under the Eleventh Amendment where the state had waived immunity for such claims to be heard in state court); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) (absent consent, Eleventh Amendment shields state from suit regardless of the type of relief sought); *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993) (dismissing § 1983 action brought against University of Kentucky as an arm of the state, and further holding that Kentucky has only waived its sovereign immunity for suits against agencies to the extent claims are allowed under the Board of Claims Act).

KSP is an arm of the Executive Branch of the Commonwealth of Kentucky. Specifically, KSP was statutorily created as a department within the Justice and Public Safety Cabinet by

virtue of KRS Chapter 16, and is tasked with statewide law enforcement jurisdiction.  *See* KRS 16.060.

Likewise, KSP's budget is funded by appropriations from the General Assembly.  *See*, *e.g.*, KRS 16.050(1) (requiring salary survey information of from other states be included in the Department's budget request to the General Assembly).  Accordingly, there is no question that KSP is an arm of the central state government of the Commonwealth.  Further, the Commonwealth has not waived its sovereign immunity for claims such as those being asserted in the Complaint.  For these reasons, KSP as an agency is not amenable to suit for claims for money damages asserted for violation of federal civil rights.

For the same reasons KSP could not be properly named as a defendant in this action, Trooper Taylor in his official capacity is likewise immune from suit. Trooper Taylor is employed as sworn law enforcement officer by KSP.  Claims against state officials, in their official capacity, for monetary damages asserted under 42 U.S.C. § 1983 are barred by the Eleventh Amendment to the United States Constitution. *See Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir. 1998) (holding under Eleventh Amendment, a plaintiff cannot sue state employees in their official capacities for monetary damages).  *See also Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1990) (noting that the U.S. Supreme Court's decision in *Will*, *supra*, recognized that state officials sued in official capacity for damages are absolutely immune from liability under the Eleventh Amendment). The Complaint in this matter seeks monetary damages against Trooper Taylor in his official capacity. Dismissal of Plaintiff's federal claims against Trooper Taylor in his official capacity is therefore appropriate.

B.   State Law Claims

Under Kentucky law, agencies of the Commonwealth possess governmental immunity from suit when an action is premised upon the agency's performance of a governmental (as opposed to a proprietary) function. *See Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001): "[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function."  In determining whether an agency is performing a governmental function, *Yanero*, directs that a court consider whether the agency is engaged in a function traditionally performed by government or a function normally engaged in by private business for profit. *See Yanero*, at 519-20. *Yanero,* further directs consideration of several additional factors to include whether the agency is an arm of central state government, whether it is supported by funds of the state treasury, and whether the agency is carrying out a function integral to state government. *See Yanero*, at 520-21. *See also Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007) (court summarizes governmental immunity analysis as follows: "[G]overnmental immunity extends to state agencies that perform governmental functions (i.e., act as an arm of the central state government) and are supported by money from the state treasury. However, unless created to perform a governmental function, a state agency is not entitled to governmental immunity. An analysis of what an agency actually does is required to determine its immunity status."). (Internal citations omitted).

As discussed above, KSP is a department organized within a cabinet of the executive branch of the central state government of the Commonwealth, with its budget funded directly by the General Assembly.  Likewise, there can be no dispute, by virtue of KSP duties as set forth in KRS 16.060, that KSP's primary function is statewide law enforcement -- a function that has traditionally and historically been performed by government. *See, e.g., City of Elizabethtown v.*

4

*Caswell*, 261 S.W.2d 424, 426 (Ky. 1953) ("[a] municipal corporation, when acting for the purpose of preserving the peace, in the interest of public health, and in enforcement of laws for the safety of the public is acting in governmental capacity. . . ."); *Hirschfeld v, Commonwealth*, 76 S.W.2d 47, 48 (Ky. 1934) ("It is one of the sovereign powers of government to enforce the observance of all criminal laws within its jurisdiction. . . ."); *Caudill v. Pinsion*, 24 S.W.2d 938, 940 (Ky. 1930) ("The prevention of crime is a purely governmental function, undertaken for the benefit of the public at large. . . ."). As it is clear that law enforcement is a traditional governmental function, Plaintiffs' state law claims against KSP that arise from allegations concerning the use of deadly force by a Trooper are barred by the doctrine of governmental immunity.

It is further well-settled that a public official sued in his or her official capacity possesses the same immunity from suit that would be possessed by the public agency employer under similar circumstances. See Yanero v. Davis, supra, 65 S.W.3d at 522: ("[w]hen an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. . ."). See also Autry, supra, 219 S.W. at 717 ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."). Here, Trooper Taylor in his official capacity is entitled to assert official immunity due to the fact that KSP may properly assert governmental immunity.

## CONCLUSION

For all of the foregoing reasons, KSP and Trooper Taylor, in his official capacity, respectfully request that the federal and state law claims asserted in the Complaint be dismissed with prejudice.

                Respectfully submitted,

                s/ Roger G. Wright_____
                Morgain M. Sprague
                Roger G. Wright
                919 Versailles Road
                Frankfort, KY 40601
                (502) 695-6342/6345
                Fax:  502-573-1636
                *morgain.sprague@ky.gov*
                *rogerg.wright@ky.gov*
                Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve an electronic copy on the following counsel of record:   Garry R. Adams and Hans Poppe.
.

                s/Roger G. Wright_____
                Counsel for Defendants