UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO.  10-96- KSF

ALLEN KING and BRUCE KING, as
Administrators of the Estate of Roger King                                    PLAINTIFFS

VS.                                        **OPINION & ORDER**

ERIC TAYLOR, in his individual capacity
as a Kentucky State Trooper                                                   DEFENDANT

* * * * * * * * * * *

Currently before the Court is the motion in limine of the Plaintiffs, Allen King and Bruce

King, as Administrators of the Estate of Roger King ("Plaintiffs"), to exclude various evidence at

trial [DE #76].  This motion is fully briefed and is ripe for review.

I.      **FACTUAL BACKGROUND**

On November 25, 2009, in Boyle County, Kentucky, KSP Trooper Eric Taylor and officers

from the Boyle County Sheriff's Office attempted to serve an emergency protective order and an

arrest warrant on Roger King ("King").  However, when the officers went to serve the EPO and

arrest warrant on King at his home, King did not answer the front door or a side door.  The officers

moved to the rear of the house and saw a set of double-paned glass doors at the top of the porch that

provided a line of sight to the interior of the house.  Through the glass doors, one of the officers saw

King lying down on a couch with a blanket partially covering him.  With Trooper Taylor providing

cover, one of the other officers approached the glass door, knocked loudly, announced that he was

1

with the Sheriff's Department and called for King to come to the door, while also pressing his shoulder against the door pane so that his reflective Boyle County Sheriff's Office patch would be visible through the glass, and illuminating the interior of the home with his hand-held flashlight. Trooper Taylor alleges that, upon seeing the police officers at the rear of his house, King sat up on his couch, looked at the officers angrily, retrieved a large, fully-loaded firearm (a Taurus Judge revolver) from his left side and turned toward the officers, pointing his weapon at them. Trooper Taylor alleges that he responsively fired his M-16 at King. King died of the gunshot wound. Plaintiffs do not contest that King had a gun with him on the couch. Rather, Plaintiffs argue that Taylor shot King from King's back porch while King was lying on his couch. According to Plaintiffs, King was not extending a gun in the officers' direction and may have been sleeping when he was shot.

Plaintiffs filed this civil action pursuant to 42 U.S.C. § 1983, alleging the following claims against Trooper Taylor: (1) unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution (Count I); (2) assault and battery (Count II); and (3) negligence (Count III) [DE #1]. Plaintiffs are seeking compensatory and punitive damages from Trooper Taylor [*Id*.].

## II.   **STANDARDS**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court discussed the admissibility of evidence as follows:

Rule 402 provides the baseline:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these

> rules, or by other rules prescribed by the Supreme Court pursuant to
> statutory authority. Evidence which is not relevant is not admissible.

> "Relevant evidence" is defined as that which has "any tendency to make the existence
> of any fact that is of consequence to the determination of the action more probable
> or less probable than it would be without the evidence." Rule 401.  The Rule's basic
> standard of relevance thus is a liberal one.

*Id.* at 587.  Many years ago, the Sixth Circuit recognized that a court should not "deprive plaintiffs

of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause

of action which they have brought into the court, replacing it with a sterile or laboratory

atmosphere...."  *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

However, even relevant evidence may be excluded "if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.

R. Evid. 403.  Federal courts have held that Rule 403 is an extraordinary remedy and carries a strong

presumption in favor of admissibility.  *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).  In *In

re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit noted:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly
> relevant – the rule only applies when it is likely that the jury will be moved by a piece
> of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt,
> but Rule 403 does not make it inadmissible on that account.

*Id.* at 538.  "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"

*Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983).

Motions in limine "are generally used to ensure evenhanded and expeditious management

of trials by eliminating evidence that is clearly inadmissible for any purpose." *Bouchard v. American

Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002)(citation omitted).  "Orders in

limine which exclude broad categories of evidence should rarely be employed.  A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Indeed, "[t]he Court has the power to exclude evidence in limine 'only when evidence is clearly inadmissible on all potential grounds.'" *Gresh v. Waste Services of America, Inc.*, 738 F.Supp.2d 702, 706 (E.D.Ky. 2010)(quoting *Bouchard*, 213 F.Supp.2d at 810).  "Unless the evidence meets this high standard, 'rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Id*. (quoting *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004)). Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, as objections to such evidence will still be heard as they arise at trial.  *Id*.  Moreover, the Court has sound discretion to alter or amend a previous in limine ruling at trial.  *Id*. (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

III.   **ANALYSIS**

Plaintiffs' motion has several discrete components.  The Court will address each component in the order set out in Plaintiffs' motion.  First, Plaintiffs seek to preclude the introduction of any testimony or documents reflecting that stolen guns, or that any weapons other than the handgun allegedly brandished at the officers, were recovered in King's residence after the shooting.  Plaintiffs argue that this evidence is irrelevant and unduly prejudicial.  Specifically, Plaintiffs state that there has been no determination that any of the weapons retrieved from King's residence were stolen.  In addition, Plaintiffs argue that the relevant issue is what Trooper Taylor knew *before* he shot King. Thus, evidence that firearms, including a stolen firearm, were found in King's home *after* King was shot is irrelevant.  According to Plaintiffs, if Trooper Taylor did not know that firearms, stolen or

4

otherwise, were present in the home before he responded and shot and killed King, what Trooper Taylor learned after the shooting could not have affected his mindset, decision-making, or make him fear for his safety.

Trooper Taylor counters that Plaintiffs have raised the motives of Trooper Taylor in serving the arrest warrant and EPO at night, questioned the danger posed by King, and alleged that King would not have posed a deadly threat to the officers serving the warrant and EPO.  According to Trooper Taylor, the presence of numerous firearms in the home, including a stolen firearm, shows that the information provided to the officers prior to serving the warrant and EPO on King - that he was heavily armed, that he had previously fired upon police officers, and that he generally engaged in violent criminal behavior - was reliable, thus showing that the officers were justified in fearing for their safety.  Trooper Taylor also argues that, given that possession of a stolen firearm is a felony under Kentucky law, the presence of a stolen firearm in the residence offers the jury further insight into King's motive to point a firearm at the officers.

This portion of Plaintiffs' motion essentially has two components: (1) seeking to exclude evidence that a stolen firearm was found in King's residence; and (2) seeking to exclude evidence that *any* other firearm - other than the handgun King allegedly brandished at the officers - was found in King's residence.  As to the evidence that a firearm located at King's residence had been stolen, the Court agrees that this evidence should be excluded.  Although it is possible that the fact that King was in possession of a stolen firearm may have contributed to his motivation to point a firearm at the officers, this theory is speculative, at best.  Moreover, the limited relevance of this evidence is greatly outweighed by the undue prejudice that would result from admitting this evidence. Accordingly, this portion of Plaintiffs' motion in limine will be GRANTED.

5

However, the request to preemptively exclude evidence that any other firearm was found in King's residence presents a more difficult question. The relevance of this evidence is contingent upon arguments made by the parties at trial. For example, should Plaintiffs attempt to argue that King would never have posed a deadly threat to the officers serving the warrant and EPO, evidence that King was heavily armed potentially becomes relevant. On the other hand, if Plaintiffs do not make this argument or similar arguments, then the evidence that other guns were in the home is irrelevant. To be sure, the potential prejudice that would result from admitting this evidence is great. However, the Court is unable to determine whether this prejudice is outweighed by the relevance of the evidence at this point in time. Accordingly, the Court finds that it is more appropriate to deal with the question of the admissibility of this evidence when it arises at trial, so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Thus, this portion of Plaintiffs' motion in limine is DENIED. If appropriate, Plaintiffs may renew their motion at trial.

The second portion of Plaintiffs' motion seeks to preclude any hearsay statements regarding King's propensity to violence or his prior altercations with law enforcement. According to Plaintiffs, this evidence should be excluded for the following reasons: it is hearsay evidence for which there is no exception; it is inadmissible character evidence under FRE 404(a); and it is inadmissible under FRE 404(b) as evidence of prior crimes, wrongs or other bad acts. In response, Trooper Taylor argues that, given that Plaintiffs have alleged that Trooper Taylor had no reason to fear for his life, was not justified in serving the arrest warrant and EPO at night and failed to exercise reasonable caution, Trooper Taylor's knowledge of King's violent past, including his prior altercation with law enforcement, is directly relevant to why Trooper Taylor and the other officers served the arrest warrant and EPO in the manner that they did. Further, Trooper Taylor argues that this evidence is

6

not hearsay, as it is not being offered to show the truth of the matter asserted, but is being offered to show Trooper Taylor's knowledge of King's propensity for violence. In addition, Trooper Taylor states that the individuals who informed Trooper Taylor about King's tendencies prior to the shooting, the officers to whom King had previously shown violence, and the officers at whom King had previously fired are listed as witnesses and are available to testify.

The Court agrees that this testimony is not hearsay. FRE 801(c) defines "hearsay" as a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Here, not only are the declarants available to testify at trial, but the evidence is not being offered to prove that King actually fired upon officers or that he had a propensity for violence. Thus, this evidence is not hearsay.

Moreover, FRE 404(b) does not require the exclusion of this evidence. Rule 404(b) provides as follows:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).  Trooper Taylor argues that evidence that King had previously fired at police officers is relevant to showing intent, knowledge and absence of mistake or accident.  Specifically, Trooper Taylor argues that he and the other police officers knew of King's propensity for violence, including that he had previously fired upon law enforcement, prior to serving the EPO and warrant on King.  Indeed, according to Trooper Taylor, he and the other officers chose to serve the EPO and warrant in the manner that they did because they had been told that King had previously been violent.  Thus, under Rule 404(b), this evidence is admissible, to the extent that it shows intent, knowledge and absence of mistake or accident.  Although Plaintiffs argue that Rule 404(b) applies only to criminal cases, the Advisory Committee Notes to the 2006 Amendments make clear that "[w]hile Rule 404(b) refers to the 'accused,' the 'prosecution,' and a 'criminal case,' it does so only in the context of a notice requirement.  The admissibility standards of Rule 404(b) remain fully applicable to both civil and criminal cases."  Advisory Committee Notes to 2006 Amendments to Fed. R. Evid. 404.

Notably, with respect to Plaintiffs' excessive force claim, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397,109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)(citations omitted).  That King was known to be violent and had previously fired upon law enforcement - facts purportedly known by Trooper Taylor before the shooting - are part of the facts and circumstances that may be considered when determining whether Trooper Taylor acted in an objectively reasonable manner in this case.  Although there is a risk of prejudice that may result from admitting this evidence, the Court does not find that this risk

substantially outweighs the high probative value of this evidence. Accordingly, Plaintiffs motion to exclude this evidence is DENIED.

Plaintiff next seeks to preclude any hearsay testimony or evidence regarding alcohol consumption or alcoholism [DE #76, ¶3]. Plaintiffs state that the only witness arguably qualified to offer opinions on King's alcohol or cannabis use is Trooper Taylor's expert Dr. Davis. Plainitffs argue that Dr. Davis should not be permitted to testify on this subject because Trooper Taylor failed to disclose any such opinions in Dr. Davis' expert report and has offered no testimony regarding King's being under the influence of cannabis. Plaintiffs further argue that whether King was under the influence of alcohol at the time of the shooting is not relevant to whether Trooper Taylor was justified in shooting King.

Trooper Taylor responds that King's history of alcoholism and drug abuse is relevant to any damage determination in this case with respect to the issue of King's life expectancy. Trooper Taylor states that Dr. Hunsaker and Dr. Davis will testify as to King's physical condition as indicated in his autopsy. Trooper Taylor further argues that all of the information provided to Trooper Taylor and the Boyle County deputies prior to the incident indicated that King was dangerous when drinking. According to Trooper Taylor, evidence of intoxication or drug use in use of force cases is proper to corroborate officer's testimony regarding a plaintiff's actions.

Plaintiffs' motion is problematic for several reasons. As an initial matter, Plaintiffs' motion is so vague and so broad that it is difficult for the Court to make a determination on the admissibility of the evidence Plaintiffs seek to exclude. Plaintiffs seek to exclude "hearsay testimony," yet do not identify any specific statements by any particular witnesses that they purport to be hearsay. Plaintiffs also complain of the adequacy of Trooper Taylor's disclosure of the opinions of Dr. Davis, yet do

9

not provide the Court with a copy of Dr. Davis' expert report, nor any pages from Dr. Davis' deposition testimony.  Moreover, Plaintiffs do not cite any case law supporting their broad request until their reply, a practice that unfairly deprives Trooper Taylor of the opportunity to respond. Plaintiffs' motion simply does not carry the burden of showing that this evidence is "clearly inadmissible on all potential grounds."  Although it is possible that Plaintiffs' motion has some merit, the Court does not have enough information in front of it at this time to determine whether this is the case.  Thus, Plaintiffs' motion in limine to exclude any hearsay testimony or evidence regarding alcohol consumption or alcoholism is DENIED.  If appropriate, Plaintiffs may renew their motion at trial.

Next, Plaintiffs seek to exclude "any testimony by any witness, including but not limited to Deputy Wilcher, regarding hearsay statements about Mr. King and his weapons in his home" [DE #76, ¶ 4].  Plaintiffs argue that these statements are not only inadmissible hearsay, but are also irrelevant, as they occurred after Trooper Taylor shot King.  However, Plaintiffs do not point to any specific statements or testimony that they seek to exclude.  Given the vague nature of Plaintiffs' motion, the Court is unable to determine whether the evidence Plaintiffs seek to exclude is hearsay. Nor may the Court evaluate and weigh the probative value and prejudicial effect, if any, of the evidence.  Accordingly, this portion of Plaintiffs' motion will be DENIED.  Should Plaintiffs have an objection to any specific evidence on hearsay or relevance grounds, they are free to raise those objections at trial.

Plaintiffs next seek to exclude any evidence of King's prior criminal history [DE #76, ¶5]. However, the Court has already determined that such evidence is admissible under Rule 404(b), to the extent that it shows intent, knowledge and absence of mistake or accident.  Evidence of King's

prior criminal history may be admitted, consistent with the Court's ruling above on ¶2 of Plaintiffs' motion. Thus, this portion of Plaintiffs' motion is DENIED.

Next, Plaintiffs seek to exclude evidence of any OMB regulations or any Kentucky Revised Statute regarding the use of force [DE #76, ¶6]. Plaintiffs argue that the issue in this case is whether Trooper Taylor acted reasonably, not whether he complied with any particular rule or regulation of the Kentucky State Police or any Kentucky Revised Statute. In their reply, Plaintiffs re-assert the arguments set forth in their motion in limine to exclude the testimony of Lt. Bobby Day [DE #75] as further support for this portion of their motion in limine. However, the Court finds that, for the reasons set forth more fully in the Court's Order denying Plaintiffs' motion in limine to exclude the testimony of Lt. Day [DE #86], this evidence is relevant and admissible. Thus, this portion of Plaintiffs' motion is DENIED.

Plaintiffs next seek to exclude any evidence or testimony regarding letters complimenting Trooper Taylor that are contained in his personnel file [DE #76, ¶7], as well as any evidence or testimony regarding Trooper Taylor's receipt of a medal during the course of his tenure with the Kentucky State Police [DE #76, ¶8]. Plaintiffs argue that this evidence is irrelevant, has little probative value, and has the potential to confuse the jury and mislead the issues. Trooper Taylor responds that Plaintiffs have placed Trooper Taylor's character directly at issue in this case, thus Trooper Taylor's reputation and character are relevant in showing how he conducts himself as a law enforcement officer throughout his career. While it is possible that Plaintiffs' motion has merit, there is not enough information before the Court to determine the admissibility of this evidence. The parties have not attached copies of the letters in question, nor have they provided any further information regarding the information contained in the letters or the circumstances surrounding

11

Trooper Taylor's award.  Thus, at this point, the Court does not have sufficient information to determine that this evidence is not admissible for any purpose.  Accordingly, these portions of Plaintiffs' motion are DENIED.    Should Plaintiffs have an objection to any specific evidence on relevance grounds, they are free to raise those objections at trial.

The next portion of Plaintiffs' motion seeks to exclude evidence or testimony that Trooper Taylor was not indicted by the Commonwealth's Attorney's Office [DE #76, ¶9].  Plaintiffs argue that this evidence is neither relevant nor admissible, as the fact that a grand jury may or may not have chosen to indict Trooper Taylor does not answer the questions to be resolved by the jury in this case. Plaintiffs argue that this civil case raises different issues of fact and law than those raised before the criminal grand jury.  According to Plaintiffs, this evidence has little probative value, yet has the potential to be severely prejudicial.  Trooper Taylor responds that the fact that the grand jury did not indict Trooper Taylor is further evidence that he acted in good faith and without malice, which is directly relevant to the question of punitive damages.  However, the Court agrees with Plaintiffs that this evidence has little probative value in this case.  The grand jury evaluated the facts to determine whether there was probable cause for a murder charge, a task that is much different from the jury's task in this case.  In contrast, introducing evidence or testimony that the grand jury did not indict Trooper Taylor is very likely to confuse or mislead the jury.  Accordingly, the Court finds that this evidence should be excluded under FRE 403.  Thus, this portion of Plaintiffs' motion is GRANTED.

Plaintiffs next seek to exclude evidence or testimony of the contents of the criminal complaint and arrest warrant that were being served on King on the night of the incident [DE #76, ¶10].  Plaintiffs argue that, because Trooper Taylor testified that he did not review the criminal complaint or arrest warrant, he could not have made decisions based on the contents of those

documents.  Plaintiffs also argue that this evidence is irrelevant and is inadmissible under FRE 404 as evidence of other crimes.  Trooper Taylor argues that his knowledge of the danger posed by King from the fact that his ex-wife had taken out an EPO against him as a result of King's violent actions taken against her are relevant to Trooper Taylor's state of mind and the reason he accompanied six sheriffs' deputies to serve an arrest warrant and EPO on a single man.  According to Trooper Taylor, the fact that he did not directly read the arrest warrant and EPO is irrelevant, as the information contained therein was relayed to Trooper Taylor by the Boyle County Sheriff's deputies.

As noted above, in determining whether Trooper Taylor's actions were "objectively reasonable," whether Trooper Taylor acted negligently and/or whether punitive damages are appropriate, the jury is entitled to know all of the facts and circumstances confronting Trooper Taylor, including the facts surrounding the EPO and arrest warrant being served on King.  Although Plaintiffs argue that this evidence should be excluded under Rule 404(b), this evidence comes within Rule 404(b)(2)'s permitted uses, including, but not limited to, motive, intent, knowledge, absence of mistake or lack of accident.  For all of these reasons, this portion of Plaintiffs' motion is DENIED.

Next, Plaintiffs seek to limit the testimony of Trooper Taylor's expert, Dr. Greg Davis, to those areas outlined in his report [DE #76, ¶11].  Plaintiffs state that, during his deposition, the Defendant attempted to elicit testimony from Dr. Davis outside the scope of his report, including issues regarding alcohol use, cannabis use, other health conditions, life expectancy, and ballistics. Plaintiffs argue that, because none of these areas were listed in Dr. Davis' expert report, and because Dr. Davis admitted that he was not qualified in ballistics, Trooper Taylor should not be allowed to introduced testimony on these subjects at trial. Trooper Taylor disputes Plaintiffs' attack on Dr. Davis' qualifications and asserts that Dr. Davis is qualified to offer his expert opinion regarding

terminal ballistics, pathology and toxicology.  Regardless, Plaintiffs have failed to provide the Court with sufficient information - such as a copy of Dr. Davis' expert report or copies of pages from his deposition - to permit the Court to meaningfully evaluate the admissibility of Dr. Davis' testimony. Accordingly, this portion of Plaintiffs' motion is DENIED.  Should Plaintiffs have an objection to any specific areas of Dr. Davis' testimony, they are free to raise those objections at trial.

Finally, Plaintiffs seek to exclude any testimony of any witness that involves speculation or conjecture, including, but not limited to, speculation from fact witnesses about what happened before or after the shooting [DE #76, ¶12].  As an example, Plaintiffs state that Trooper Taylor's counsel attempted to elicit testimony from Trooper Bowman that King's dog may have jumped up on the couch and jostled his body after King was shot.  However, the admissibility of such evidence is precisely the type of question that is better addressed at trial, where the Court may resolve questions of foundation, relevancy and potential prejudice in proper context.  Thus, this portion of Plaintiffs' motion is DENIED.  To the extent that Plaintiffs have an objection to specific evidence or testimony, those objections may be raised at trial.

## IV.  <u>CONCLUSION</u>

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Plaintiffs' motion in limine to exclude various evidence at trial [DE #76] is **GRANTED IN PART** and **DENIED IN PART** as set forth above

This May 24, 2013



**Signed By:**

**<u>*Karl S. Forester*</u>** ＫＳＦ

**United States Senior Judge**